## LONERGAN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.   March 2, 1923.)

No. 6139.

1. **Receiving stolen goods ⬅7(2)—Indictment for possession of property stolen from interstate commerce held sufficient.**

An indictment under Act Feb. 13, 1913, § 1 (Comp. St. § 8603), for having in possession property stolen while being transported in interstate commerce, "knowing the same to have been stolen," *held* sufficient; it not being necessary to charge knowledge that it was stolen from an interstate shipment.

2. **Criminal law ⬅1208(2)—Extent of sentence discretionary with trial court.**

Within the statutory limit, the amount of punishment imposed is exclusively within the judgment of the trial court.

3. **Criminal law ⬅984—Sentence not excessive where authorized on good count of indictment.**

Where like sentences on each of two counts are to run concurrently, and are within the limit which might be imposed on either count, the sentence on a good count is not affected by the fact that the other count is not good.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Criminal prosecution by the United States against Morris Lonergan. Judgment of conviction, and defendant brings error. Affirmed.

E. D. O'Sullivan, of Omaha, Neb. (W. N. Jamieson and C. J. Southard, both of Omaha, Neb., on the brief), for plaintiff in error.

George A. Keyser, Asst. U. S. Atty., of Omaha, Neb. (James C. Kinsler, U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before STONE, Circuit Judge, and TRIEBER and JOHNSON, District Judges.

STONE, Circuit Judge. Morris Lonergan, plaintiff in error, with another, was convicted upon the third and fourth counts of an indictment for violation of section 1 of the Act of Feb. 13, 1913 (37 Stat. 670, § 1; Comp. St. § 8603).

[1] A motion to strike the purported bill of exceptions from the files because allowed and filed out of time was sustained at the time of hearing and the bill of exceptions stricken out. We have before us, therefore, only the record proper and can consider only such claimed errors as affect it. The first of these is that counts 3 and 4 of the indictment are insufficient. Counsel for the government concede that count 3 is defective. Count 4 is for possession of property stolen while being transported in interstate commerce, defendant having knowledge that it was so stolen. The objection urged to this indictment is that, although it alleges knowledge that the property was stolen, it does not allege that there was knowledge that it was stolen from interstate commerce. The statute does not require knowledge that the property was stolen while in interstate commerce but requires only knowledge that the property was stolen. The entire statutory require-

ments are that the property possessed shall have been stolen from interstate commerce and that such possession is with knowledge that the property is stolen property.

[2] It is, also, objected that the sentence was excessive and "not in keeping with the character or gravity of the offense or the degree of moral turpitude involved in the alleged crime." We cannot consider such a matter, the amount of punishment being a matter exclusively within the judgment of the trial court.

[3] Another objection to the sentence is that it is in excess of that permitted by the law. The sentence was ten years' imprisonment on each count, to run concurrently, and one fine of $5,000. The statute authorizes both fine up to $5,000 and imprisonment up to ten years. As the prison sentences on the two counts were to run concurrently the time of actual confinement is not altered by the fact that the conviction upon one of the counts must fall. The total punishment assessed is not in excess of that permitted by the statute on the good count.

A further objection to the sentence was made at the oral argument, but it is not included in the assignment of errors and will not be considered.

The judgment is affirmed.