## MANN et al. v. UNITED STATES.
### No. 8913.

Circuit Court of Appeals, Eighth Circuit.
April 13, 1931.

Turner W. Bell, of Leavenworth, Kan. (Stephens Owen, of St. Joseph, Mo., on the brief), for appellants.

Chet A. Keyes, Asst. U. S. Atty., of Kansas City, Mo. (William L. Vandeventer, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and DAVIS, District Judge.

**VAN VALKENBURGH, Circuit Judge.**

The defendants were convicted for conspiracy to violate the National Prohibition Act (27 USCA) and various revenue laws of the United States. The manner in which said conspiracy was to be effected, and the overt acts committed in furtherance thereof, are stated and set out with sufficient clearness and detail. Conviction resulted. The brief of appellants is a confused and incoherent jumble of argument and citation, constructed in absolute defiance of, or indifference to, the explicit rules of this court. Because of this, the conception of counsel for appellants respecting the errors assigned upon which they place reliance is elusive and difficult to discover. For this default appellants' appeal is subject to dismissal under rule 24; and it may be well to admonish the Bar of this court that such drastic action will be taken if counsel persist in ignoring the substantial provisions of that rule. However, in the instant case, we have preferred to search the record to ascertain whether any possible miscarriage of justice has resulted.

The assignments of error, fourteen in number, reduced to their ultimate intendment, are:

1. That the indictment is indefinite as to place and venue; that for this reason it charges no offense; that the District Court was without jurisdiction, and a demurrer should have been sustained.

2. That the evidence was insufficient, was inconsistent with guilt, and that a demurrer should have been sustained.

3. Error in the admission of evidence including leading questions by counsel for the government.

4. Errors in the instructions of the court.

5. Error in overruling the motion for new trial.

Taking up these specifications in their order we find:

1. The indictment charges that the offense was committed in the St. Joseph Division of the Western District of Missouri, upon an island in the Missouri river twelve miles southwest of St. Joseph, Buchanan county, Mo. This satisfies the requirements of venue and jurisdiction. If appellants desired further information for any purpose, their remedy was apparent. Neither demurrer of any kind nor application for bill of particulars is found in the record. This specification is without merit.

2. With respect to the point urged under this number, it is sufficient to say that substantial evidence in support of the verdicts and judgments is abundant and ample.

3. This assignment is not sustained by any portion of the record brought to the attention of the court. Rule 11 of this court provides that "when the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected." Rule 24 provides that the brief "shall quote such evidence with the rulings thereon, giving pages of the printed record where it occurs." No attempt was made to satisfy the requirements of either rule.

4. No authorized charge of the court appears in the record. Counsel for appellants tender what is thus described: "Court's charge to the jury as furnished by the reporter, but which is not approved."

It was stated in oral argument that this copy of the charge, furnished by the reporter, is so full of errors, either in taking or transcription, that the court refused to approve it. A casual inspection is sufficient to support this statement. However, this assignment of error may be dismissed in view

of the following colloquy at the close of the charge:

"The Court: Do the defendants desire any further instructions or to except to those given?

"Mr. Owen (for defendants): No further instructions and no exceptions."

This leaves nothing to be reviewed under this specification.

█ 5. It should be unnecessary to repeat that no error can be predicated upon the refusal of the court, in the exercise of discretion, to sustain and grant a motion for new trial.

No reversible error appearing, the judgment below is affirmed.