**MUENCH et al. v. UNITED STATES.**

**No. 10822.**

Circuit Court of Appeals, Eighth Circuit.

April 28, 1938.

Rehearing Denied May 19, 1938.

Bryan Purteet, of St. Louis, Mo., for appellant Wilfred Jones.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo. (Herbert H. Freer, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

Wilfred Jones, Dr. Ludwig O. Muench, Nellie T. Muench, and Helen Berroyer were indicted and tried for violation of section 215 of the Criminal Code, 18 U.S.C.A. § 338. The indictment contained nine counts, charging the defendants with' use of the mails in the execution of a scheme devised by them to defraud, and by means of fraudulent pretenses, representations, and promises to obtain money from Dr. Marsh Pitzman, referred to as the victim.

The defendants were acquitted on the first four counts and convicted on the last five counts of the indictment. All the defendants appealed, but Jones alone perfected his appeal by filing a brief and argument in this court. Berroyer dismissed her appeal; and defendants Muench have filed a belated request asking that the brief and argument for Jones be considered in their behalf. In the furtherance of justice we are disposed so to consider it in so far as applicable to their case.

Suggestions of a diminution of the record have been made by counsel for appellant Jones, and in view of the situation here present we are inclined to consider as a part of the record, without further proceedings, the certified copies attached to the motion.

Each count of the indictment is based upon a separate use of the mails, but all are alleged to be in furtherance of the same scheme to defraud, which is set out in count 1 and incorporated by reference in the other counts.

In brief the scheme alleged (omitting the formal phraseology of the indictment) was that Nellie T. Muench represented to the victim that she was greatly in love with 'him and that he was the only man she ever loved. She induced him to meet her in various places away from her home under the pretense that she wanted to be in his company. The plan was that she " * * * would permit the victim to engage in sexual intercourse with her and would represent and pretend thereafter that the victim was the father of her unborn child." Defendant Wilfred Jones represented that he was interested in obtaining a baby for adoption by wealthy parents. He did obtain a baby born to Estella Oberg and delivered it to the Muench home. Jones also induced Miss Anna Ware to travel to St. Louis, Mo., upon the promise that her unborn baby, at its birth, would be adopted by wealthy people. Thereafter, the defendants obtained the baby born to Anna Ware, took it to the Muench home, represented to the victim that the baby was born to Nellie T. Muench, that he was its father, and that the child was not the baby born to Anna Ware. The defendants then represented to the victim that the baby born to Anna Ware was held by people living away from St. Louis, and that it could be restored upon payment of expenses and lawyers' fees to the people holding the baby. The defendants then attempted to obtain a baby in Chicago for the purpose of representing to the victim that such baby was the child of Anna Ware, and that the baby in the Muench home was not her baby.

It is alleged that all the representations made to the victim were false and fraudulent, were known to be so, and were made for the purpose of inducing the victim to part with his money and property.

The able counsel for appellants, appearing here by appointment of court and at the request of the St. Louis Bar Association, did not try the case in the District Court nor prepare the record. After observing that the bill of exceptions does not contain a transcript of the testimony, the objections, rulings, nor exceptions, he says: "Hence, the only matters here for review by this Court are the legal sufficiency of the indictment, the Court's ruling on the demurrers and motions preliminary to the trial, possibly certain exceptions made to the United States Attorney's argument to the jury and exceptions to the court's refusal to give certain requested instructions, the manifest errors of the court's charge and the sentence and judgment of the court."

Twenty specifications of error are urged upon this appeal. Since we do not have before us a transcript of the testimony with objections, rulings of the trial court and exceptions thereto, many of these alleged errors under well-settled rules cannot be considered by us. Neither can this court consider mere formal defects in the indictment which were not called to the attention of the trial court. Such defects cannot be urged for the first time here. Pico v. United States, 228 U.S. 225, 33 S. Ct. 482, 57 L.Ed. 812; Dowdell v. United

States, 221 U.S. 325, 31 S.Ct. 590, 55 L. Ed. 753. Where the indictment is questioned for the first time on appeal, it will ordinarily be held sufficient, unless so defective that by no reasonable construction can it be said to charge the offense for which the defendants were convicted.

The defendants filed a motion to quash the indictment, and the defendant Jones demurred. Both the motion and the demurrer were overruled. All the questions of any substance raised on the appeal may be briefly stated as follows: (1) The indictment was defective in that (a) it is duplicitous; (b) the scheme alleged is not within the mail fraud statute; (c) the indictment fails to allege that sexual intercourse occurred between the victim and Mrs. Muench; (d) the scheme alleged in count 1 is not properly incorporated in the subsequent counts; (e) it invades the province of the jury in using the word "find"; (2) the court erred in denying Jones' motions for a bill of particulars and for a severance; (3) the verdict finding the defendants not guilty on the first four counts is inconsistent with the verdict of guilty on the last five counts; (4) the sentence is grossly excessive; (5) the giving and refusal of instructions; and (6) prejudicial remarks of government counsel to the jury.

█ It is first claimed that the indictment is duplicitous in that it alleges two different schemes to defraud; one to deceive the victim by falsely representing to him that he was the father of a child born to Mrs. Muench, and the other to get money from him for the purpose of restoring a baby to Anna Ware. Appellants contend that the alleged plan to induce Dr. Pitzman to have sexual intercourse with Mrs. Muench must have been devised before Anna Ware's baby was conceived, and that the first letters alleged to have been written in furtherance of the scheme were mailed about a year before the Ware child was born. We do not think that the indictment, fairly construed, is subject to this criticism. The gist of the artifice was fraudulently to convince Dr. Pitzman that he was the father of a child born to Mrs. Muench. The other matters described in the indictment constituted the mechanics of the scheme by means of which the deception was to be accomplished. It was not essential that when the artifice was devised the schemers should have worked out all of the details of its execution; nor does the recital in the indictment of some of the subsequent developments render the pleading duplicitous. In considering the sufficiency of the indictment the scheme to defraud and the means by which it was to be carried out must be distinguished. Sunderland v. United States, 8 Cir., 19 F. 2d 202, 207. The indictment was not duplicitous.

█ The point most strongly urged by appellants is that the scheme alleged does not come within the mail fraud statute. It is argued that, in view of the Missouri statute which presumes the legitimacy of the child of a married woman, Dr. Pitzman must have known that he would not be legally liable for any child born to Mrs. Muench; further, that it was incredible and contrary to human experience that Mrs. Muench could successfully represent to a physician that she was pregnant when she was not. Appellants therefore conclude that the scheme was not to deceive the victim, but to extort money from him by the threat of ruining his reputation. Fasulo v. United States, 272 U.S. 620, 47 S.Ct. 200, 71 L.Ed. 443, and Norton v. United States, 9 Cir., 92 F.2d 753, are relied upon for the proposition that where the representations are not such as will deceive the victim there can be no violation of the mail fraud statute. In the Norton Case the defendant represented that the victim had had intercourse with her in England, when in fact the victim had never been in England. In the Fasulo Case there was no attempt to deceive, but only threats of bodily harm. Clearly, the present case is not comparable. The indictment alleges an intent to deceive, and the representations made by the defendants were not such that we may say the victim could not have been tricked by the falsehood. The scheme alleged to have been devised is therefore within the mail fraud statute, even though the conduct of the defendants may also have constituted blackmail, extortion, or some other state offense. Fasulo v. United States, supra, 272 U.S. 620, at page 626, 47 S.Ct. 200, 71 L.Ed. 443; Weeber v. United States, C.C. Colo., 62 F. 740; Jamerson v. United States, 7 Cir., 66 F.2d 569, 573.

█ Certain other objections to the indictment suggested by appellants are clearly without merit. It is immaterial that

the indictment fails to allege that sexual intercourse actually occurred between the victim and Mrs. Muench. A plan to have such intercourse was pleaded, and this is sufficient, since the success of the scheme is not one of the elements of the offense defined in section 215, 18 U.S.C.A. § 338. Durland v. United States, 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709; Busch v. United States, 8 Cir., 52 F.2d 79; Alexander v. United States, 8 Cir., 95 F.2d 873, decided April 12, 1938.

The wording of the indictment, "The Grand Jurors * * * find," is not prejudicial as claimed, especially in view of the trial court's charge that the language of the indictment is no evidence of guilt. And it is not necessary that the letters set out in the indictment show on their face that they were related to the scheme to defraud. Durland v. United States, supra; Barnes v. United States, 8 Cir., 25 F.2d 61. The indictment alleged that the letters were caused to be mailed in furtherance of the scheme, and whether or not this was true was a question of fact for the jury.

The practice of incorporating by reference the allegations of count 1 in subsequent counts has received the approval of this court, and a verdict of guilty based upon the subsequent counts may stand even though the defendants have not been found guilty upon the first count, which was used for reference. Touhy v. United States, 8 Cir., 88 F.2d 930; Robinson v. United States, 9 Cir., 33 F.2d 238.

Nor is there any inconsistency in a verdict of guilty on the last five counts and not guilty on the first four counts. Each count of the indictment is based upon the mailing of a different letter. The verdict logically means that the jury found the last five letters to have been written in furtherance of the scheme to defraud, but not the first four. Moreover, the Supreme Court has held that a strict consistency in the verdict is not required. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161; United States v. Capone, 7 Cir., 93 F.2d 840.

The action of the trial court in overruling appellant Jones' "special demurrer," which was "in the nature of a motion to strike prejudicial surplusage," was proper. The motions for severance and for a bill of particulars were addressed to the discretion of the trial court. Cochran v. United States, 8 Cir., 41 F.2d 193; Levy v. United States, 8 Cir., 35 F.2d 483. Under the circumstances, we cannot say that that discretion was abused.

Appellants claim error in the refusal of the District Court to give certain instructions requested by them. A comparison of the requests with the charge as given fails to reveal that appellants were prejudiced by the giving of the latter instead of the former. The errors alleged to have been committed in the oral charge are not reviewable, because no exceptions were then taken calling the attention of the court to the alleged mistakes, in order that they might be then corrected. Busch v. United States, supra; Wilson v. United States, 8 Cir., 77 F.2d 236; Mann v. United States, 8 Cir., 49 F.2d 131. It may be added that we do not find anything prejudicial in the portions of the charge complained of.

The sentences imposed, being within the statutory limits, are not subject to review on appeal. Cochran v. United States, 8 Cir., 41 F.2d 193, 207; Lonergan v. United States, 8 Cir., 287 F. 538, 539.

Appellants also complain that in his argument to the jury counsel for the government was guilty of making improper remarks. With none of the evidence before us, and with only a very small portion of the argument preserved, we are unable to conclude that the remarks were improper. Murphy v. United States, 8 Cir., 39 F.2d 412; Paden v. United States, 8 Cir., 85 F.2d 366; Hale v. United States, 8 Cir., 242 F. 891.

We have reviewed the entire record, and find no error. The judgments are accordingly affirmed.