UNITED STATES of America, Appellee,

v.

Mark Anthony CLOYD, Appellant.

No. 86–2227.

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1987.

Decided May 22, 1987.

Jerold V. Fennell, Omaha, Neb., for appellant.

Thomas D. Thalken, Asst. U.S. Atty., Omaha, Neb., for appellee.

Before ARNOLD and FAGG, Circuit Judges, and DEVITT,[*] Senior District Judge.

DEVITT, Senior District Judge.

Appellant was indicted for armed bank robbery (18 U.S.C. §§ 2113(a) and (d)), use of a firearm during a bank robbery (18 U.S.C. § 924(c)), and possession of a firearm following a felony conviction (18 U.S. C.App. § 1202(a)(1)). Several days before the trial the government filed an information of prior convictions. Following appellant's conviction on all charges, the court conducted a hearing on the information of prior convictions and determined that appellant was subject to sentencing under the enhanced penalty portion of § 1202(a) because he had *three* previous robbery/burglary convictions. Appellant was given consecutive sentences of twenty-five years for count I (§§ 2113(a) and (d)), five years for count II (§ 924(c)), and twenty-five years for count III (§ 1202(a)(1)). For reversal, appellant argues (1) there was no probable cause for his arrest, (2) the government improperly exercised a peremptory challenge to exclude a black venireperson, (3) his conviction under § 1202(a)(1) was invalid, and (4) his sentences were excessive.

## I.

■ Appellant first argues that the district court's affirmance of the magistrate's determination of probable cause was clearly erroneous. Appellant was arrested when, accompanied by co-defendant Love, he got out of a beige Nissan car and stepped onto the porch of one Mease's house. The magistrate based his finding of probable cause on several facts known by the police at the time of appellant's arrest, including the following: a general description of the robbers; use of a beige Nissan in the robbery; both the deposit of clothing matching the description of clothes used in the robbery and the attempted destruction of bait money in the basement of Mease's house by appellant and three other black men approximately one and one-half hours after the bank robbery; and, information from Mrs. Mease that she expected the black men, who on the previous day had deposited clothes and attempted to burn bait money in her basement, to return shortly to retrieve their clothes.

From a review of the totality of the circumstances, *United States v. Wallraff,* 705 F.2d 980, 990 (8th Cir.1983), the district court's affirmance of the magistrate's determination of probable cause was not clearly erroneous. *United States v. McGlynn,* 671 F.2d 1140, 1143 (8th Cir. 1982).

## II.

Appellant next argues that the sole black venireperson was peremptorily challenged and removed in violation of his right to equal protection as enunciated in *Batson v. Kentucky,* —— U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In *Batson,* the Supreme Court held that once a defendant makes a *prima facie* showing of purposeful discrimination in the selection of the petit jury the government has the burden of articulating a clear and reasonably specific neutral explanation for removing a venireperson of the same race as the defendant.

■ Appellant is black. The government explained that it removed the sole black venireperson because he stated he was familiar with the Daily Liquor Store, the place where appellant was expected to claim he was during the robbery. The district court found that, in light of the government's explanation, appellant had failed to establish purposeful discrimination. This was a permissible finding, particularly in light of the great deference to be given the district court's determination

---

[*] The Hon. Edward J. Devitt, Senior United States District Judge for the District of Minnesota, sitting by designation.

that the government had rebutted appellant's *prima facie* case. *See id.* 106 S.Ct. at 1723, n. 21.

### III.

■ Appellant next argues that his conviction under 18 U.S.C.App. § 1202(a)(1) was invalid because conviction under that section requires proof that the firearm was operable, citing *United States v. Goodheim*, 686 F.2d 776 (9th Cir.1982). *Goodheim* is not authority for appellant's proposition and, in fact, states that a firearm, as contemplated in § 1202, need *not* be operable. Appellant's assertion that proof of operability is essential to conviction under § 1202(a)(1) is unsupported by authority and unconvincing.

### IV.

#### A.

■ Finally, appellant argues that his sentences were excessive. Appellant's sentences for counts I and II were within the statutory limits and, therefore, will not be disturbed unless the sentencing judge grossly abused his discretion. *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). Appellant has failed to show a gross abuse of discretion. The sentences for counts I and II shall not be disturbed.

#### B.

As to count III, appellant argues that he was improperly sentenced under the enhanced penalty portion of 18 U.S.C.App. § 1202(a) because two of the three predicate offenses were neither charged in the indictment nor tried to the jury. We view appellant's argument as a challenge to the sufficiency of the indictment. Appellant's position that the indictment is deficient presupposes that the 1984 amendment of § 1202(a), which requires an enhanced penalty where the defendant in possession of a firearm has *three* previous convictions, states an offense separate from that stated in § 1202(a)(1) (possession of a firearm by a convicted felon).

We note a split of authority amongst the circuits regarding whether the enhanced penalty portion of § 1202(a) states a separate offense, all the elements of which must be alleged in the indictment and tried to the factfinder [*United States v. Davis*, 801 F.2d 754, 755 (5th Cir.1986) ], or merely a penalty enhancement provision relating to the offense described in § 1202(a)(1) [*United States v. Gregg*, 803 F.2d 568, 570 (10th Cir.1986); *United States v. Hawkins*, 811 F.2d 210, 220 (3rd Cir.1987) ]. Our panel opinion in *United States v. Davis*, No. 86–1103 (8th Cir. Dec. 18, 1986), the only eighth circuit opinion construing § 1202(a), has been withdrawn on other grounds. *See United States v. Davis*, No. 86–1103 (8th Cir. Jan. 22, 1987). *Davis* has subsequently been remanded to the district court without further discussion of § 1202(a). *See United States v. Davis*, 816 F.2d 433 (8th Cir.1987). Thus, there is no controlling authority in this circuit on whether or not the enhanced penalty portion of § 1202(a) states a separate offense. Because of the importance and novelty of the issue, we shall refer the construction of § 1202(a) for *en banc* consideration.

Assuming, for sake of argument, that this circuit construes § 1202(a) to state a separate offense, we are faced with the preliminary argument that appellant is barred from challenging the sufficiency of the indictment for the first time on appeal. The general rule applied in cases such as this is that "[w]here the indictment is questioned for the first time on appeal, it will ordinarily be held sufficient, unless so defective that by no reasonable construction can it be said to charge the offense for which the [defendant was] convicted." *Muench v. United States*, 96 F.2d 332 (8th Cir.1938).

In the past, we have found occasion to construe technically deficient indictments when challenged for the first time on appeal, so as to affirm convictions. We have construed an indictment charging *an intent to deceive* as falling within the mail fraud statute because the defendant's alleged false representations, though they might also have constituted blackmail or extortion, were capable of tricking the

plaintiff. *Id.* We have construed an indictment charging a custodian with misappropriating the *property of a bankrupt* as falling within the trustee embezzlement statute because the statutory phrase, "property ... belonging to the estate of a bankrupt," was synonymous with "property of a bankrupt." *United States v. Ivers,* 512 F.2d 121 (8th Cir.1975).

 An indictment which fails to allege an essential element, however, cannot be saved by judicial construction and, though challenged for the first time on appeal, will not support a conviction for an offense which requires the missing element. *United States v. Camp,* 541 F.2d 737 (8th Cir.1976). Assuming we hold that the Armed Career Criminal Act of 1984 amended § 1202(a) to state a separate offense, which offense has as an essential element that the defendant had *three* previous felony convictions for burglary or robbery, appellant is not barred from challenging the sufficiency of the indictment for the first time on appeal. This is so because the indictment charged only one previous felony conviction and we can not reasonably construe it to have charged three. Nor would the indictment's deficiency be cured by the information of prior convictions because the information was not presented to the grand jury. *Cf. United States v. Camp,* 541 F.2d 737, 740 (8th Cir.1976) (defective indictment not saved though missing essential element was inferable from bill of particulars, judge correctly instructed petit jury on the element, and indictment cited applicable criminal statute).

The issue of whether or not the enhanced penalty portion of § 1202(a) states a separate offense is, therefore, properly before us in this case. This court shall consider the construction of § 1202(a) *en banc* and, at that time, rule on appellant's argument that his sentence for count III was excessive.

The judgment of the district court, with the exception of the twenty-five year sentence for count III, is affirmed.