**UNITED STATES of America, Plaintiff,**

v.

**Walker LaBRUNERIE (02), Defendant.**

Criminal Action No. 95–00125–02–CR–W–8.

United States District Court,
W.D. Missouri,
Western Division.

Nov. 15, 1995.

Paul Becker, United States Attorney's Office, Kansas City, MO, for plaintiff.

James Hobbs, Marilyn Keller, Wyrsch, Atwell, Mirakian, Lee & Hobbs, Kansas City, MO, for defendant.

## ORDER

STEVENS, District Judge.

This case is before the Court on two motions to dismiss filed by defendant. In the first motion, defendant moves to dismiss counts one, three, four, five, six, seven, eight, ten, and eleven, charges related to money laundering, on the grounds that those counts fail to state an offense. In the second motion, defendant moves to dismiss counts one, two, eight, and nine, charges related to bribery, on the grounds that the statute under which the charges are brought is an unconstitutional exercise of congressional authority. The magistrate judge entered reports in which he recommended that the money laundering charges be dismissed, and the bribery charges be retained. This Court has reviewed the magistrate's reports and recommendations and finds them to be persuasive and fully supported by the law, and therefore, adopts them in full.

The Court does not believe that the money identified and set aside as a result of the alleged agreement to bribe represents either "proceeds of" the bribery, as required by 18 U.S.C. sec. 1956(a)(1)(B)(i), or "criminally derived property," as required by 18 U.S.C. sec. 1957. Although it is clear that the underlying offense must be completed before a transaction can be charged as money laundering, *see, e.g., United States v. Kennedy,* 64 F.3d 1465, 1477 (10th Cir.1995), a completed offense does not in and of itself result in "proceeds." The government's contention that the predicate crime of bribery, as charged, was completed before Morgan and LaBrunerie shuffled their own money between accounts to hide its source, does not, without more, make the money "proceeds."

"Proceeds" are funds obtained from prior, separate criminal activity. *United*

*States v. Savage,* 67 F.3d 1435, 1441–42 (9th Cir.1995); *United States v. Edgmon,* 952 F.2d 1206, 1213 (10th Cir.1991), *cert. denied,* 505 U.S. 1223, 112 S.Ct. 3037, 120 L.Ed.2d 906 (1992). Generally, proceeds involve money that comes from an outside source into the hands of the person charged with money laundering, through criminal activity. Money laundering statutes were created to reach post-crime transactions aimed at hiding the source of "ill-gotten gains." *Edgmon,* 952 F.2d at 1213. It is not apparent to this Court that Morgan and LaBrunerie were dealing with "ill-gotten gains." The money they earmarked to pay to Hernandez was in their control before they allegedly entered the agreement; it was not money that came into their hands because of the agreement.[1]

Accordingly,

(1) The Court ADOPTS in full the magistrate's reports and recommendations (doc. 116, doc. 117).

(2) Defendant's motion to dismiss the money laundering counts (doc. 27) is GRANTED. The money laundering charges, brought under counts three through seven, and eleven, shall be dismissed. Those portions of the conspiracy counts, one and eight, dealing with money laundering, shall also be dismissed.

(3) Defendant's motion to dismiss the bribery counts (doc. 31) is DENIED.

IT IS SO ORDERED.

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS

LARSEN, United States Magistrate Judge.

Before the court is defendant's motion to dismiss counts one, three, four, five, six, sev-
en, eight, ten and eleven [1] on the ground that they fail to properly state an offense since proceeds are not alleged to be from specified unlawful activity. I find that neither § 1956 nor § 1957 criminalize monetary transactions conducted with money which has not yet been received by the person committing the predicate offense. Therefore, it is recommended that counts three, four, five, six, seven, ten and eleven, and the portions of counts one and eight referencing money laundering, be dismissed.

## I. BACKGROUND

On July 25, 1995, an eleven-count indictment was returned charging defendant with conspiracy, bribery and money laundering. Specifically, count one charges defendant and codefendants Morgan and Weber with conspiracy to commit bribery and money laundering by paying $20,000 to City Councilman Michael Hernandez in exchange for his support in dropping a condition from a proposed ordinance which would have required Morgan and LaBrunerie to pay for one half of the cost of building Line Creek Parkway along the proposed Line Creek Meadows subdivision. Count two charges all three defendants with bribery, and counts three through seven charge Morgan and LaBrunerie with money laundering dealing with the Line Creek Parkway conspiracy.

Count eight charges Morgan and LaBrunerie with conspiracy to commit bribery and money laundering by paying $50,000 to City Councilman Michael Hernandez for his assistance in the sale of property near the intersection of Barry and Baughman Roads which was owned by Morgan and LaBrunerie to the

---

1. *See* 21 U.S.C. sec. 853(a), discussing property subject to criminal forfeiture, which distinguishes between (1) "property constituting or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;" and (2) "any of the person's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of, such violation." In the case before us, the money which was allegedly being juggled was not obtained by these defendants *as a result of* their agreement to bribe Hernandez. Rather, it

was intended to be used to facilitate the actual bribery of Hernandez.

1. Defendant's motion actually moves for dismissal of counts one, three through seven, eight, nine and ten. However, the actual counts he argues *should be dismissed* are the two conspiracy counts (one and eight), and the money laundering counts, which are counts three through seven and counts ten and eleven. Count nine charges bribery, and defendant makes no argument in his motion to dismiss the bribery counts.

City of Kansas City for use as a Water Department maintenance facility. Count nine charges Morgan and LaBrunerie with bribery, count ten charges LaBrunerie with money laundering, and count eleven charges Morgan and LaBrunerie with money laundering, all in relation to the Barry/Baughman project.

On September 5, 1995, defendant LaBrunerie filed a motion to dismiss counts one, three through eight, ten and eleven on the ground that they fail to properly state an offense as the proceeds are not alleged to be from specified unlawful activity. Specifically, defendant argues that:

Clearly, the money must be derived from unlawful activity under the money laundering statutes. The fact that an alleged bribery scheme was established before the checks were written does not establish an improper source of the funds. The principal focus of Congress in enacting the statute was the laundering of "dirty money" and making it clean. *United States v. Werber,* 787 F.Supp. 353 (S.D.N.Y.1992). The alleged acts in this case are just the reverse; taking "clean money" and making it dirty. Since the indictment in this case is silent as to where the money came from, let alone whether that source was "unlawful" or "illegal" activity, the indictment does not properly charge a violation of the money laundering statute.

On October 3, 1995, the government filed a response in opposition to defendant's motion arguing that "because the bribes were completed crimes at the time the financial transactions took place, the transactions did indeed involve proceeds of the underlying specified unlawful activity."

## II. MONEY LAUNDERING CHARGES

Title 18, United States Code, Section 1956(a)(1)(B)(i), states as follows:

(a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—

(B) knowing that the transaction is designed in whole or in part—

(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity;

shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both.

Count three of the indictment charges as follows:

On or about October 27, 1992, in the Western District of Missouri, defendants MARK A. MORGAN and WALKER LABRUNERIE did knowingly and willfully cause another person to conduct a financial transaction, that is, a purchase of a Disbursement check for a M.T. Investment Company check at the First Bank of Gladstone, a financial institution which is engaged in and which affects interstate commerce. *The financial transaction involved the proceeds of an unlawful activity, that is, bribery concerning programs receiving Federal funds, in violation of Title 18, United States Code, Section 666, as charged in Count Two of this indictment.* Defendants MARK A. MORGAN and WALKER LABRUNERIE caused the financial transaction to be conducted knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature, source and ownership of the specified unlawful activity and that while causing the conducting of such financial transaction, knew that the property involved in the financial transaction, that is, a monetary instrument in the amount of $5,000, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (2). (emphasis added).

Count four is identical to count three except the date is listed as December 2, 1992; count five is identical except the date is listed as December 16, 1992; count six is identical except the date is listed as December 24, 1992, and the amount of the check is $2,500; and count seven is identical except the date

is listed as January 19, 1993, and the amount of the check is $2,500.

Title 18, United States Code, Section 1957 reads as follows:

> (a) Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b).
>
>     *     *     *     *     *     *
>
> (f) As used in this section—
>
> (2) the term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. . . .

Count ten of the indictment charges as follows:

> On or about May 8, 1993, in the Western District of Missouri, defendant WALKER LABRUNERIE, did knowingly cause another person to engage in a monetary transaction, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is the exchange of a $20,000 M.T. Investment Company check for a Disbursement Check, *such property having been derived from a specified unlawful activity, that is bribery concerning programs receiving federal funds, as charged in Count Nine of this indictment.*
>
> All in violation of Title 18, United States Code, Sections 1957 and 2. (emphasis added).

Count eleven is identical to count ten except codefendant Mark Morgan is also charged, the date is listed as July 5, 1993, and the amount of the check is $30,000.

### III. SUFFICIENCY OF THE INDICTMENT

It is well established that an indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and (2) enables him to plead an acquittal or conviction in bar of future prosecutions. *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974); *United States v. Peterson,* 867 F.2d 1110, 1114 (8th Cir.1989). The sufficiency of the indictment is to be judged by practical, and not by technical considerations. *Rood v. United States,* 340 F.2d 506, 509 (8th Cir.), *cert. denied,* 381 U.S. 906, 85 S.Ct. 1452, 14 L.Ed.2d 287 (1965). An indictment ordinarily is held sufficient unless it is so defective that by no reasonable construction can it be said to charge the offense for which the defendant was convicted. *United States v. Cloyd,* 819 F.2d 836, 838 (8th Cir.1987), *cert. denied,* 487 U.S. 1239, 108 S.Ct. 2910, 101 L.Ed.2d 942 (1988).

In this case, the indictment charges the defendants with conducting financial transactions involving *proceeds* of unlawful activity. That activity is alleged to be the briberies charged in counts two and nine. The government's theory is that the briberies were completed acts at the time the financial transactions occurred, and therefore the checks represent proceeds of the briberies.

Both counts of bribery charge violations of 18 U.S.C. § 666 which states in relevant part as follows:

> (a) Whoever . . .—
>
> (2) corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more;
>
> shall be fined under this title, imprisoned not more than 10 years, or both.

Although the statute proscribes giving something of value, and the facts as outlined in the indictment allege that the defendants gave something of value, the government chose to charge the defendants not with giving, but with agreeing to give something of value (count two) and with offering and agreeing to give something of value (count nine). Therefore, the government's theory is

that upon agreement, the bribery offenses were complete.

The government quotes the following portion of *United States v. Kennedy*, 64 F.3d 1465 (10th Cir.1995), to support its argument that the monetary transactions involved proceeds of the completed briberies:

> All that is required to violate § 1956 is a transaction meeting the statutory criteria that takes place after the underlying crime has been completed. Thus, the central inquiry in a money laundering charge is determining when the predicate crime became a "completed" offense....

*Id.* at 1477. The government then argues that because the monetary transactions at issue here occurred after the briberies, the indictment sufficiently alleges that the monetary transactions involved proceeds of specified unlawful activity, i.e., bribery.

The defendant in *Kennedy* founded and was president of Western Monetary Consultants, Inc. ("WMC"). WMC collected money from investors to purchase precious metals. Rather than purchase the precious metals, however, Kennedy diverted many investors' funds to other uses, including speculating in futures markets, operating a magazine, and financing personal endeavors. Kennedy was charged with money laundering under 18 U.S.C. § 1956(a)(1)(A)(i) after he deposited checks or foreign currency from various investors into a WMC account. The specified unlawful activity in the Kennedy indictment was mail fraud.

The only issue in the *Kennedy* case was whether the monetary transactions constituted a separate offense from the mail fraud offenses. The defendant relied on *United States v. Johnson*, 971 F.2d 562 (10th Cir. 1992), which held that the wirings that were alleged to support the predicate wire fraud crimes were the very transfers of funds identified in the money laundering transactions. Therefore, the monetary transaction in *Johnson* did not represent proceeds of the wire fraud crime since the wire fraud crime was not complete until the transaction had oc-

curred. The *Kennedy* court, in distinguishing *Johnson*, held that because the monetary transactions occurred after the mail fraud crimes were complete, the indictment adequately alleged that the monetary transactions involved proceeds of specified unlawful activity, i.e., mail fraud.

While I do not disagree with the government's interpretation of the *Kennedy* holding, I point out that the government has ignored the most important aspect of that case with respect to the defendant's argument here. Again, the portion of *Kennedy* cited by the government states:

> All that is required to violate § 1956 is a transaction *meeting the statutory criteria* that takes place after the underlying crime has been completed. Thus the central inquiry in a money laundering charge is determining when the predicate crime became a "completed" offense....

Therefore, one must keep in mind that before analyzing whether the monetary transaction occurred after the specified unlawful activity, it must be determined that the monetary transaction meets the statutory criteria. Obviously, if the monetary transaction does not meet the statutory criteria, it is irrelevant whether it occurred after the specified unlawful activity. In this case, because the government charged a violation of § 666 based on an agreement (or, in the case of count nine, an offer and an agreement) rather than a payment, it is clear that the monetary transaction occurred after the alleged bribery. The sole question in this case then is whether the monetary transactions otherwise meet the statutory criteria.

Going back to the wording of the statutes,[2] the criterion at issue here is whether the monetary transactions represented proceeds from specified unlawful activity. The government alleges that the monetary transactions represented proceeds from bribery.

█ A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their

---

**2.** Although there are some minor differences in the language of § 1956 and § 1957, those differences are irrelevant here since all of the money laundering counts are challenged on the basis of whether the monetary transactions involved proceeds of unlawful activity—a requirement of both money laundering statutes.

ordinary, contemporary, common meaning. *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979). "Proceeds" most commonly means "the total amount brought in"—example "the proceeds of a sale"; or "the net amount received (as for a check or from an insurance settlement) after deduction of any discount or charges". Webster's Ninth New Collegiate Dictionary, (1990). Black's Law Dictionary, Sixth Edition (1990), defines proceeds as "issues; income; yield; receipt; ..." This suggests that Congress viewed a violation of § 1956(a)(1) or § 1957 as occurring where the monetary transaction involves the net amount *received from* specified unlawful activity. Dicta in several cases is in line with this interpretation. *See United States v. Massey,* 48 F.3d 1560, 1566 (10th Cir.1995) ("Section 1957 appears to be drafted to proscribe certain transactions in proceeds that have already been obtained by an individual from an underlying criminal offense."); *United States v. Stavroulakis,* 952 F.2d 686, 691 (2nd Cir.1992) ("Section 1956 creates the crime of money laundering, and it takes dead aim at the attempt to launder dirty money. Why and how that money got dirty is defined in other statutes."); *United States v. Sanders,* 928 F.2d 940, 946 (10th Cir.) ("the purpose of the money laundering statute is to reach commercial transactions ... [where] the proceeds used to make the purchase were *obtained from illegal activities.*" (emphasis added), *cert. denied,* 502 U.S. 845, 112 S.Ct. 142, 116 L.Ed.2d 109 (1991). Indeed, the voluminous case law dealing with these statutes contains examples of monetary transactions representing money received from various types of unlawful activity. *See United States v. Mullens,* 65 F.3d 1560 (11th Cir.1995) (ponzi scheme, defendant spent fraudulently acquired money on personal expenses); *United States v. Irvin,* 67 F.3d 670 (8th Cir.1995) (defendant charged with conversion of government property and money laundering after government mistakenly issued $836,939.19 check to defendant discharged from Army, then defendant spent money on automobiles, home renovations, gifts, paying off mortgages); *United States v. Golb,* 69 F.3d 1417 (9th Cir.1995) (defendant sold airplanes to drug dealers who paid with drug proceeds); *United States v. Reynolds,* 64 F.3d 292 (7th Cir.1995) (defendant deposited money in his bank after forging stolen checks representing union dues); *United States v. Gabriele,* 63 F.3d 61 (1st Cir.1995) (drug dealers transferred money to precious metal companies owned by Saccoccia for laundering, gold and cash delivered to defendant's company, defendant wired funds to banks for Saccoccia); *United States v. Baker,* 63 F.3d 1478 (9th Cir.1995) (defendant purchased unstamped cigarettes with cashier's checks); *United States v. Tolliver,* 61 F.3d 1189 (5th Cir.1995) (property purchased with money obtained through selling drugs); *United States v. Cretacci,* 62 F.3d 307 (9th Cir.1995) (defendant unlawfully took money from ATMs, then purchased automobiles with money obtained from ATMs); *United States v. Smith,* 44 F.3d 1259 (4th Cir.) (defendant fraudulently induced lenders to advance money to company, then provided kickbacks to the company's president who transferred money from the loans to defendant's bank account), *cert. denied,* —— U.S. ——, 115 S.Ct. 1970, 131 L.Ed.2d 859 (1995); *United States v. LeBlanc,* 24 F.3d 340 (1st Cir.) (acceptance and negotiation of checks from gamblers who bet on various sporting events through defendant's bookmaking business), *cert. denied,* —— U.S. ——, 115 S.Ct. 250, 130 L.Ed.2d 172 (1994); *United States v. West,* 22 F.3d 586 (5th Cir.) (accepting and depositing payments received pursuant to note and sale of automobiles, acts which constitute bankruptcy fraud), *cert. denied,* —— U.S. ——, 115 S.Ct. 584, 130 L.Ed.2d 498 (1994).

By no reasonable construction can the indictment be said to charge defendant with the offense of money laundering. Section 1956(a)(1)(B)(i) requires that the defendant conduct a monetary transaction to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of unlawful activity. Although the indictment charges defendants with attempting to disguise the source of the money paid to Hernandez, that money cannot be said to be proceeds of bribery at the time the monetary transaction occurred.

The court in *United States v. Johnson*, 971 F.2d at 568, discussed the legislative history behind the Money Laundering Control Act of 1986:

> Two reports related to the Act contain some discussion of the purpose behind § 1956 and § 1957. See S.Rep. No. 433, 99th Cong., 2d Sess. (186); H.R.Rep. No. 855, 99th Cong., 2d Sess., pt. 1 (1986).... The examples of money-laundering activity discussed throughout these reports show that Congress had in mind the "classic" case of laundering drug money—that is, where a drug trafficker collects large amounts of cash from drug sales and, acting with the complicity of a banker or other person in a financial institution, deposits the drug proceeds in a bank under the guise of conducting a legitimate business transaction. The Act appears to be part of an effort to criminalize the conduct of those third persons—bankers, brokers, real estate agents, auto dealer[s] and others—who have aided drug dealers by allowing them to dispose of the profits of drug activity, yet whose conduct has not been considered criminal under traditional conspiracy law.

It is clear that Congress' intent in passing the Money Laundering Control Act of 1986 was to criminalize the conduct of third persons who assist in the laundering of proceeds of unlawful activity. There is nothing in the legislative history or in the case law suggesting that Congress intended to criminalize monetary transactions occurring before that money was paid to the person committing the underlying unlawful act. Indeed, if that were Congress' intent, the statutes would not have been drafted to require that the monetary transaction involve the *proceeds of* unlawful activity. The fact that the Act itself is called the "Money Laundering" Control Act lends support to the common sense interpretation of the statute—that to violate the statute, one must "launder" money. Again, the common meaning of the word "launder" is "to wash",[3] which obviously means to make clean. The defendant correctly points out that the acts alleged by the indictment make the money dirty, not clean.

Defendant states in his motion that "the part of [counts one and eight] alleging conspiracy to commit money laundering should also be dismissed." The government counters with a footnote in its response stating that "even if the money laundering counts were dismissed, the conspiracy count would stand based on the remaining allegation of bribery pursuant to 18 U.S.C. § 666." Neither party offers any more of an argument, and neither party cites any legal authority for its position.

It is clear that an indictment may charge a conspiracy without charging a substantive offense. However, the indictment in this case outlines, in the "manner and means" and "overt acts" sections of the conspiracy counts, the money laundering which is the subject of the conspiracy counts—that is, the substantive money laundering counts which fail to state an offense. Therefore, those portions of the conspiracy counts should be dismissed.

## IV. CONCLUSION

I find that neither § 1956 nor § 1957 criminalize monetary transactions conducted with money which has not yet been received by the person committing the predicate offense. Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order granting defendant's motion to dismiss counts three, four, five, six, seven, ten and eleven, and those portions of counts one and eight referencing money laundering.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has ten days from the date of receipt of a copy of this report and recommendation to file and serve specific objections, unless an extension of time for good cause is obtained.

---

**3.** Webster's Ninth New Collegiate Dictionary, 1990.